IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WILLIAM NGENE § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| WESTERN HILLS SCC, LLC d/b/a § | |
| SENIOR CARE OF WESTERN HILLS § | |
| d/b/a SENIOR CARE CENTERS § | |
| § | |
| *Defendant*. § | |

**PLAINTIFF'S COMPLAINT**

COMES NOW, William Ngene, Plaintiff, (hereinafter referred to as "Ngene") complaining of Defendant, Western Hills SCC, LLC d/b/a Senior Care of Western Hills d/b/a Senior Care Centers (hereinafter referred to as "Senior Care"), and would respectfully show unto the Court as follows:

**I. JURISDICTION AND VENUE**

1. Plaintiff invokes this Court's jurisdiction pursuant to the Age Discrimination Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.,* Title VII of the Civil Rights Act of 1964 as amended, and 42 U.S.C. 2000e-5 as amended.

2. The unlawful employment practices alleged below were committed within the County of Bell and the State of Texas. Venue is proper in the Western Division of the State of Texas pursuant to 28 U.S.C. § 1391 (b)(2) and 28 U.S.C. § 1391 (c)(1). The Plaintiff is a resident of Bell County and was employed by the Defendant in Temple, Texas and the Defendant regularly conducts business in Bell County, Texas.

## II. PARTIES

3. Plaintiff, William Ngene, is a resident of the City of Temple, the County of Bell County, the State of Texas.

4. Defendant, Western Hills SCC, LLC d/b/a Senior Care of Western Hills d/b/a Senior Care Centers is authorized to do business in the State of Texas and may be served with process by serving its registered agent to-wit: Amarillo Corporate Services, LLC, 500 S. Taylor, Suite 1100, LB 219, Amarillo, Texas 79101.

## III. ADMINISTRATIVE PROCEDURES

5. Plaintiff filed a charge of employment discrimination against Defendant with the District Office of the Equal Employment Opportunity Commission within 300 days of the discriminatory acts. Plaintiff received a "Notice of Right to Sue" concerning the charge by letter from the EEOC, dated May 17, 2017, entitling him to institute a civil action within 90 days of the date of the receipt of said notice.

## IV. BACKGROUND

6. Ngene began his employment with Senior Care in September of 2015 as a Charge Nurse.

7. On or about October 1, 2015, Ngene was called "African" by Clea Paige (Director of Nursing, "Paige") due to his accent and mannerisms. Ngene reported the references the Administrator.

8. In retaliation, Paige assigned an excessive amount of work to Ngene. As a result, Ngene injured his knee.

9. On or about November 23, 2015, Ngene reinjured his knee, suffering a torn meniscus while transferring a resident.

10. Ngene reported his injury to Ms. Carmen (Assistant to Director of Nursing, "Carmen") who denied the injury and sent Ngene home for the day.

11. Later that day, Ngene received a text message from Paige scheduling a meeting and he was written up for not completing his assigned tasks. Paige also requested doctor's notes from Ngene.

12. On or about November 30, 2015, Ngene notified the Administrator. Ngene opposed the write up and received no response. Ngene submitted his doctor's notes as requested.

13. On or about December 10, 2015, Paige once again coordinated a meeting via text message and signed the text message with a human skull, a crying face and a punching hand. Ngene felt threatened by Paige's text. Ngene was terminated during this meeting with no reasons given.

14. Ngene opposed his termination with no success.

## V. RACE AND NATIONAL ORIGIN DISCRIMINATION

15. On information and belief, the Defendant followed a policy and practice of discrimination against Plaintiff because of his race (African American) and national origin (Nigeria), in violation of 42 U.S.C. § 2000e *et seq*. The discriminatory practices and policies include, but are not limited to the following:

    (a) Discriminating against Plaintiff in the terms, conditions and privileges of employment;

    (b) Harassing Plaintiff; and

  (c) Terminating Plaintiff's employment on or about December 10, 2015.

  (d) Retaliating against Plaintiff in violation of the act.

## VI. AGE DISCRIMINATION

16. On information and belief, the Defendant followed a policy and practice of discrimination against Plaintiff because of his age (61), in violation of the Age Discrimination Employment Act of 1967 (ADEA).

17. The discriminatory practices and policies include, but are not limited to the following:

  (a) Discriminating against Plaintiff in the terms, conditions and privileges of employment;

  (b) Harassing Plaintiff;

  (c) Terminating Plaintiff's employment on or about December 10, 2015; and

  (d) Retaliating against Plaintiff in violation of the Act.

18. The effect of the policies and practices pursued by the Defendant, as alleged above has limited, classified, discriminated against Plaintiff in ways which jeopardized his job and deprived his of employment opportunities and otherwise adversely affected his status as an employee because of his age, in violation of the Age Discrimination Employment Act of 1967 (ADEA).

## VII. DAMAGES

19. Defendant's conduct towards Plaintiff caused emotional pain and suffering, mental anguish and/or other nonpecuniary losses, for which Plaintiff seeks compensatory damages.

20. Plaintiff's harm was a result of the Defendant's malice or reckless indifference to Plaintiff's protected rights, thus Plaintiff seeks exemplary damages.

21. Plaintiff seeks statutory damages, back pay, front pay and or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, interest and such other and further legal and equitable relief to which Plaintiff is entitled.

22. Plaintiff is entitled to actual damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future, exemplary damages and such other and further relief to which Plaintiff is entitled because of the actions and or omissions complained of above.

## VIII.

23. All conditions precedent to the filing of this action have been fulfilled.

## IX.  **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear herein, and, on hearing hereof, the Court grant the following:

1. Lost earnings and employee benefits in the past and future.
2. Compensatory damages in the past and future (which may include mental anguish and other nonpecuniary losses);
3. Exemplary/liquidated damages;
4. Reinstatement to Plaintiff's former position of employment;
5. Reasonable and necessary attorney's fees;

6.   Costs and prejudgment interest; and

7.   Such other and further relief, both legal and equitable, to which Plaintiff may be justly entitled.

          Respectfully submitted,

          **LAW OFFICES OF JOHN E. WALL, JR.**
          5728 Prospect Avenue, Suite 2001
          Dallas, Texas 75206-7284
          (214) 887-0100 (*telephone*)
          (214) 887-0173 (*telecopier*)

          /s/ John E. Wall, Jr.
          John E. Wall, Jr.
          State Bar No. 20756750
          jwall@jwall-law.com

          *Attorneys for Plaintiff*

## JURY REQUEST

Plaintiff respectfully requests a jury trial.